UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BA SHAY EDWARD JORGENSON,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF CALIFORNIA,<br><br>Respondent. | No. 2:18-cv-02693-WBS-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss on the basis that the petition is barred by the statute of limitations. ECF No. 11. By order of March 13, 2019, petitioner was granted an extension of time in which to file an opposition. ECF No. 13. However, no opposition has been received. For the reasons discussed below, the undersigned recommends granting the motion to dismiss.

**I.  Factual and Procedural Background**

In the instant federal habeas corpus proceeding, petitioner challenges his 2014 conviction for assault with a deadly weapon and battery with serious injury following a jury trial in the Placer County Superior Court. Petitioner was sentenced to a total term of 8 years in prison which included a one-year term for violating probation on a 2013 assault with a deadly weapon case. See ECF Nos. 12-1 at 1 (Abstract of Judgment); 12-2 at 5 (Court of Appeal decision).

On March 4, 2015, the California Court of Appeal affirmed petitioner's conviction. ECF No. 12-2. The California Supreme Court denied his petition for review on November 10, 2015. See ECF No. 12-3. During the pendency of this direct appeal, petitioner filed four separate state habeas corpus petitions in the Placer County Superior Court and the California Court of Appeal.[1] See ECF Nos. 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, 12-10.

Petitioner next filed a habeas corpus petition in the Placer County Superior Court on May 18, 2017 which was denied on June 13, 2017.[2] ECF Nos. 12-11, 12-12. Four months later, on October 5, 2017, petitioner filed a habeas corpus petition in the California Court of Appeal. ECF No. 12-13. That petition was denied on October 20, 2017. ECF No. 12-14. Petitioner's last state habeas corpus petition was filed in the California Supreme Court on February 20, 2018 and denied on May 9, 2018. ECF Nos. 12-15, 12-16.

Petitioner filed this federal habeas corpus petition on September 20, 2018. ECF No. 1 at 6. He raises six claims for relief asserting that the trial judge abused his discretion, he was denied his Sixth Amendment right to conflict-free counsel, he was denied a fair trial based on the trial judge's bias, he was denied the right to testify in his own defense, and he was denied his right to the effective assistance of counsel on appeal. ECF No. 1 at 4-7.

**II. Motion to Dismiss**

On December 10, 2018, respondent filed a motion to dismiss petitioner's federal habeas application arguing that it was filed almost two years after the statute of limitations expired. ECF No. 11 at 7 (citing 28 U.S.C. § 2244(d)). Respondent also lodged state court documents on the same date which included all of petitioner's direct appeal decisions and habeas corpus petitions that were filed in state court. See ECF No. 12. As previously indicated, petitioner did not file an

---

[1] For the reasons discussed infra, the dates of these petitions and the respective decisions are not relevant to the court's analysis and are not included herein.

[2] All filing dates in state and federal court are determined using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule for legal pleadings that have to be delivered to prison authorities first before they are forwarded to the court); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal court pleadings filed by inmates).

2

opposition to respondent's motion to dismiss and the time for doing so has now expired.

**III.     Analysis**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In this case, petitioner's conviction became final for purposes of the AEDPA on February 8, 2016 following the expiration of time to seek certiorari review of the state court judgment. See ECF No. 12-3 (California Supreme Court docket denying petition for review); United States

Supreme Court Rule 13. The statute of limitations commenced the next day and expired one year later on **February 8, 2017**. See also Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). Therefore, petitioner's federal habeas corpus petition filed on September 20, 2018 was filed over 1 year and 7 months after the statute of limitations expired, absent any statutory or equitable tolling.

In this case, no statutory tolling is available for any of petitioner's first four state habeas corpus applications because they were all filed and denied before his state court conviction became final. They did not toll the statute of limitations because it had not even started to run at that point in time. Additionally, petitioner's remaining three state court habeas petitions were all filed after the statute of limitations had expired on February 8, 2017. These state habeas petitions could not revive the statute of limitations that had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). For all of these reasons, petitioner is not entitled to any statutory tolling of the one-year statute of limitations for any of his state habeas corpus petitions.

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). "[T]he threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). In this case, petitioner has not requested equitable tolling of the statute of limitations, nor are any grounds justifying equitable tolling apparent from the court's review of the record. Accordingly, petitioner's federal habeas corpus petition is barred by the statute of limitations.

**IV.    Plain Language Summary for Pro Se Party**

After reviewing the motion to dismiss, the court has determined that you filed your federal habeas petition too late. The court reached this conclusion in large part because none of the post-conviction challenges that you filed in state court paused the time period for filing your federal habeas petition in this court. As a result, the claims raised in the habeas petition will not be

4

addressed on the merits and it is recommended that your petition be dismissed with prejudice. If you disagree with this recommendation, you may file "Objections to Magistrate Judge's Findings and Recommendations" explaining why it is not correct within 21 days from the date of this order.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jorg2693.f&r.docx